# Supreme Court of Florida

_____

No. SC19-1734
_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF APPELLATE
PROCEDURE 9.130.**

January 23, 2020

PER CURIAM.

The Court, on its own motion, amends Florida Rule of Appellate Procedure

9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders) to

expand the availability of appellate review of nonfinal orders denying sovereign

immunity, denying immunity in civil rights claims arising under federal law, and

denying immunity under section 768.28(9), Florida Statutes. *See* Fla. R. Jud.

Admin. 2.140(d). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

For the reasons explained in the Court's opinion in *Florida Highway Patrol*

*v. Jackson*, No. SC18-468 (Fla. Jan. 23, 2020), which issues today with this

opinion, we move subdivisions (a)(3)(C)(vii) (absolute or qualified immunity in a

civil rights claim arising under federal law), (a)(3)(C)(x) (immunity under section

768.28(9), Florida Statutes), and (a)(3)(C)(xi) (sovereign immunity) of rule 9.130

to new subdivisions (a)(3)(F)(i), (a)(3)(F)(ii), and (a)(3)(F)(iii), respectively. The new subdivisions allow appeals of nonfinal orders that deny a motion that asserts entitlement to the types of immunity addressed in those subdivisions, removing the requirement that the orders "determine that, as matter of law, a party is not entitled" to the immunity asserted. If the trial court's order denies a motion asserting entitlement to immunity, there is jurisdiction to review it, and the appellate court may review as much of the record as is necessary to resolve the question presented in the appeal. We ask The Florida Bar's Appellate Court Rules Committee to consider whether subdivision (a)(3)(C)(v) (workers' compensation immunity), which requires such a determination, should be similarly amended.

Accordingly, the Florida Rules of Appellate Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[1] We specifically invite comments from The Florida Bar's Appellate Court Rules Committee.

---

1. All comments must be filed with the Court on or before April 7, 2020, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

---

attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**RULE 9.130.     PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

   **(a)     Applicability.**

      (1) – (2)     [No Change]

      (3)     Appeals to the district courts of appeal of nonfinal orders are limited to those that:

         (A) – (B)     [No Change]

         (C)     determine:

            (i) – (vi)     [No Change]

            (vii)   that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law;

            (viiivii)   that a governmental entity has taken action that has inordinately burdened real property within the meaning of section 70.001(6)(a), Florida Statutes;

            (ixviii)     the issue of forum non conveniens; or

            (x)     that, as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes;

            (xi)     that, as a matter of law, a party is not entitled to sovereign immunity; or

            (xiiix)     that, as a matter of law, a settlement agreement is unenforceable, is set aside, or never existed.

         (D) – (E)     [No Change]

         (F)     deny a motion that:

            (i)     asserts entitlement to absolute or qualified immunity in a civil rights claim arising under federal law;

(ii)    asserts entitlement to immunity under section 768.28(9), Florida Statutes; or

(iii)    asserts entitlement to sovereign immunity.

(4) – (5)    [No Change]

**(b) - (i)    [No Change]**

## Committee Notes

[No Change]